# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CHERICE BARNES,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. 16-cv-3047 DMS (WVG)

**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

On December 16, 2016, Plaintiff Cherice Barnes filed a complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), requesting judicial review of the final administrative decision of Defendant Commissioner of Social Security. On May 8, 2017, Plaintiff filed a motion for summary judgment, asking the Court to reverse Defendant's decision or remand the case for further proceedings. On June 9, 2017, Defendant filed a cross-motion for summary judgment and a response in opposition to Plaintiff's motion. For the reasons discussed below, Plaintiff's motion for summary judgment is denied and Defendant's cross-motion for summary judgment is granted.

///

# I.

# BACKGROUND

On July 25, 2013, Plaintiff protectively filed an application for supplemental security income ("SSI") benefits, alleging a disability onset date of January 16, 2010. (Administrative Record ("AR") at 11, 180.) Plaintiff alleged she was disabled due to anxiety, depression, bipolar disorder, prolapsed bladder, post-traumatic stress disorder, and diabetes. (*Id.* at 203.) Plaintiff's claim was denied initially and upon reconsideration, after which she requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 75–106, 112–17, 120–22.)

On July 10, 2015, ALJ Donald Cole held a hearing. (*Id.* at 34–69.) Attorney Nichole Mendoza represented Plaintiff at the hearing. (*Id.*) The ALJ heard testimony from Plaintiff, impartial vocational expert Katie T. Macy-Powers, M.D., and social worker Matthew Stephens. (*Id.*) On August 21, 2015, the ALJ issued a written decision, finding Plaintiff not disabled. (*Id.* at 11–25.) The ALJ first determined that Plaintiff has not engaged in substantial gainful activity since July 25, 2013. (*Id.* at 13.) The ALJ next determined Plaintiff has the following severe impairments: diabetes mellitus, urinary tract disorder, peripheral neuropathy, affective disorder, anxiety disorder, borderline personality disorder, and alcohol addiction disorder. (*Id.*) The ALJ, however, found that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part P, Appendix 1. (*Id.*) According to the ALJ, Plaintiff has the residual functional capacity to perform a range of light work. (*Id.* at 15.) Although the ALJ determined Plaintiff was unable to perform any past relevant work, he found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 23–24.) The ALJ therefore concluded Plaintiff was not disabled as defined in the Social Security Act since July 25, 2013. (*Id.* at 24.)

Subsequently, Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on October 17, 2016. (AR at 1–3.) Thereafter, Plaintiff filed the present case on December 16, 2016.

## II.

## DISCUSSION

Plaintiff raises three arguments in her motion for summary judgment. First, Plaintiff contends the ALJ improperly discredited her testimony. Second, Plaintiff argues the ALJ erred by according little weight to her treating psychiatrist's opinion. Lastly, Plaintiff contends the ALJ failed to properly consider the opinions of three social workers. Defendant disputes there was anything improper about the ALJ's analysis, and urges the Court to affirm the ALJ's decision denying Plaintiff's request for SSI benefits.

### A. Legal Standard

Under the Social Security Act, "disability" is defined as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that the claimant "is not only unable to do his previous work but cannot ... engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A). In addition, the impairment must result "from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory techniques." *Id*. at § 423(d)(3).

A court cannot set aside a denial of benefits unless the Commissioner's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986); *Taylor v.*

*Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). It is more than a scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).

To determine whether substantial evidence exists to support the ALJ's decision, a court reviews the record as a whole, not just the evidence supporting the decision of the ALJ. *Walker v. Matthews*, 546 F.2d 814, 818 (9th Cir. 1976). A court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). In short, a court must weigh the evidence that supports the Commissioner's conclusions and that which does not. *Martinez*, 807 F.2d at 772.

If there is substantial evidence to support the decision of the ALJ, the decision must be upheld even when there is evidence on the other side, *Hall v. Secretary*, 602 F.2d 1372, 1374 (9th Cir. 1979), and even when the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). If supported by substantial evidence, the findings of the Commissioner as to any fact will be conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).

**B.     Plaintiff's Testimony**

The ALJ is required to make "'a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002)). To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). First, "'the ALJ must determine whether the claimant

has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). If the claimant satisfies this first step, "and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [he] gives 'specific, clear and convincing reasons' for the rejection." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

"In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (citing *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Even if one or more reasons listed by the ALJ are invalid, so long as the ALJ provides some valid reasons, the ALJ's credibility determination will be upheld. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008).

Here, the ALJ found Plaintiff met the first step. (AR at 23) ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]"). The ALJ, however, found that Plaintiff did not meet the second step because her "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible for the reasons explained in this decision." (*Id.*) Because there is no evidence in the administrative record to suggest malingering on Plaintiff's part, the Court will evaluate whether the ALJ articulated specific, clear and convincing reasons for rejecting Plaintiff's testimony.

Plaintiff argues the ALJ did not set forth clear and convincing reasons for discrediting her subjective complaints. Defendant, on the other hand, contends the ALJ provided the following reasons for rejecting Plaintiff's testimony: (1) inconsistencies between Plaintiff's subjective complaints and daily activities, (2) inconsistencies in Plaintiff's prior statements, (3) noncompliance with medication, and (4) improvement of Plaintiff's symptoms with sobriety.

Initially, Defendant argues the ALJ relied on Plaintiff's daily activities to establish that her testimony about her limitations was not as severe as she claimed. An adverse credibility determination may be made if either Plaintiff's activity contradicts her testimony or her activity meets the threshold for transferable work skills. *Phillips v. Colvin*, 61 F. Supp. 3d 925, 944 (N.D. Cal. 2014) (citing *Orn v. Astrue*, 495 F.3d 625, 625 (9th Cir. 2007)). In discrediting Plaintiff's testimony, the ALJ stated the following:

> The claimant's statements are not fully credible. She says she has made one friend, someone in one of her groups. On the other hand, she claims inability to go out alone, and says she "tries" to get a friend to go every time she goes out. She goes to the store three times a week. She goes to AA meetings every week. She goes to church. She goes to group meetings; she goes to medical and to mental health appointments. She travels only by public transportation.

(AR at 18.)

The ALJ, however, does not explain how Plaintiff's description of her daily activities is inconsistent with her complaints. He also failed to make any specific findings as to how Plaintiff's daily activities could be transferred to a full-time job. Thus, without further explanation, the ALJ has failed to provide a specific, clear and convincing reason for relying on Plaintiff's daily activities to discount her credibility.

Next, the ALJ found that the inconsistencies in Plaintiff's statements undermined her credibility. In making a credibility determination, the ALJ may rely

on ordinary techniques of credibility evaluation. *Smolen*, 80 F.3d at 1284. A strong indicator of credibility is the consistency of the individual's own statements made in connection with the claim for disability benefits and statements made to medical professionals. Social Security Ruling ("SSR") 96–7p. Further, conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). Here, the ALJ noted inconsistencies in Plaintiff's prior statements to medical professionals regarding her alcohol use. On December 3, 2013, Plaintiff "denied consumption of alcohol during the last year, but members of her treatment team suspected continued drinking. One smelled alcohol on her breath on the same day she vomited in the waiting room." (AR at 20, 635–36.) On May 20, 2014, Plaintiff reported "she was alcohol free, but has admitted she was not clean and sober until July 2014." (*Id.* at 23, 873.) The Court finds that the ALJ reasonably considered these inconsistent statements in assessing Plaintiff's credibility.[1] This constitutes a specific, clear and convincing reason supported by substantial evidence.

The last two reasons cited by the ALJ in discrediting Plaintiff's testimony are Plaintiff's noncompliance with medication and improvement of Plaintiff's symptoms with sobriety and compliance with medication. It is well-established that unexplained noncompliance with treatment reflects on a claimant's credibility. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (the ALJ may properly consider plaintiff's "unexplained, or inadequately explained, failure to ... follow a prescribed

---

[1] The ALJ also considered inconsistencies in Plaintiff's statements in her function report in assessing her credibility. In the report, Plaintiff stated she does not take care of any pets, whereas, she testified at the hearing that she keeps a dog in her apartment. (AR at 16.) Moreover, although Plaintiff stated "[s]he feeds herself once a week[,] [i]nconsistently, she said she prepares her own meals daily, frozen dinners and sandwiches." (*Id.*)

– 7 – 16-cv-3047 DMS (WVG)

course of treatment [in] cast[ing] doubt on the sincerity of [Plaintiff]'s pain testimony."). Here, the ALJ found Plaintiff was chronically noncompliant with her treatment as she failed to take her diabetes medication. In support of his findings, the ALJ referred to several portions of the record where Plaintiff reported to medical professionals that "she was chronically non-compliant with her diabetic medication" and using alcohol. (AR at 22.) Neither Plaintiff's testimony nor the record reveals Plaintiff's reasons for her noncompliance with her course of treatment.

The ALJ further explained Plaintiff's recent medical records reveal that "[w]hen clean and sober, the claimant … is able to comply with medical advice and prescriptions[,]" and "she has functioned well." (AR at 14, 21.) An impairment that can be effectively controlled with treatment is not disabling. *Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). As such, the effectiveness of a claimant's medications is a proper reason to evaluate the credibility of a claimant's allegations concerning her subjective symptoms. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (citing SSR 83–13). The ALJ referred to specific portions of the medical record in support of his findings:

> A history states that the claimant had been sober since July 2014, and was in treatment and AA (Exhibit B16F, p. 14). An entry of November 12, 2014, states that the claimant's glucose was previously uncontrolled due to alcohol abuse, medication noncompliance. She was now in treatment and had been in treatment and AA She had been clean and sober for 120 days. (This is consistent with a July 2014 sobriety date). She was taking medication as prescribed (Exhibit B16F, p. 22). On January 16, 2015, the clinical note states that "... Sugars have improved over the last 6-9 months because the patient stopped drinking. Feeling great" (Exhibit B16F, p. 30) (This is consistent with a July 2014 sobriety date). On January 19, 2015, notes indicate the claimant's hypertension is benign (Exhibit Bl6F, p. 31).
>
> Shortly after the claimant's sobriety began, clinical notes show that she presented in an upbeat mood, with congruent affect. She was groomed and wearing clothing appropriate for the weather. She had no recent stressors. She participated in meetings, offering feedback and

– 8 – 16-cv-3047 DMS (WVG)

> suggestions and sharing in reading. She was cooperative and had an elevated mood. She was a quick learner and easily engaged. She was a hard worker, and she was taking action toward personal change. Her mood was cheerful, her affect bright. She participated actively, and obtained bus directions to church. She agreed to act as an example of a success story, and allowed mention of her name in the newsletter. She reported her AA meetings, her church, and a desire to become a peer support specialist. She reported, "One thing I enjoy about being sober is that I can help other people" (Exhibit B17F, pp. 6-11). In December 2014, she was going to church weekly; she had made a friend in a group (Exhibit Bl8F, pp. 33-34). In 2015, case manager Jackie Kamrin noted significant improvement since the claimant's sobriety date, July 6, 2014 (Exhibit Bl8F, p. 71.)….

(AR at 22–23.) The ALJ properly inferred from such evidence that "Plaintiff's symptoms are not as disabling as alleged, because they improved during periods where she was compliant with treatment and sobriety." *Burdo v. Colvin*, No. C13-0763-JCC, 2013 WL 6008500, at *4 (W.D. Wash. Nov. 13, 2013); *see Murray v. Colvin*, No. 2:12-CV-3122-FVS, 2014 WL 1233141, at *5 (E.D. Wash. Mar. 25, 2014) (the ALJ properly considered the fact that "plaintiff's symptoms improve[d] with medication and sobriety" in discrediting her credibility). Accordingly, the ALJ properly relied on evidence of Plaintiff's noncompliance with medication and improvement with sobriety in discounting Plaintiff's testimony. As a result, these constitute specific, clear and convincing reasons supporting his decision to discount Plaintiff's credibility.

In sum, the ALJ has set forth "findings sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345–46). Because the ALJ's findings are supported by substantial evidence, this Court may not engage in second-guessing. *See Thomas*, 278 F.3d at 959. Accordingly, the ALJ properly discounted Plaintiff's testimony based on specific credibility findings that are supported by the record.

**C.     Treating Physician's Opinion**

Plaintiff argues the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of her treating psychiatrist, Ronit Chernobelsky, M.D. To evaluate this claim, the Court must look to the law governing the evaluation of physician opinions in disability cases. The Ninth Circuit case law and Social Security Administration regulations distinguish the opinions of three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester*, 81 F.3d at 830; 20 C.F.R. § 416.927. Generally, greater weight will be given to an opinion of a treating physician than a nontreating physician. )." *Lester*, 81 F.3d at 830 (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). In other words, the opinion of an examining physician is entitled to greater weight than a nonexamining physician. *Id.*

As a general matter, a "treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (citing SSR 96–2p). Where the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830. If the opinion of a treating physician is contradicted, the ALJ may reject that opinion provided "specific and legitimate reasons" are given which are supported by substantial record evidence. *Id.* The ALJ can satisfy this latter burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751.

Initially, the ALJ accorded little weight to Dr. Chernobelsky's opinion because it was premised on Plaintiff's subjective complaints, which the ALJ had properly discredited. The Ninth Circuit has explained that rejection of a treating physician's opinion constitutes a specific and legitimate reason when the opinion is premised on a claimant's own subjective complaints that the ALJ had properly discredited. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989); *see Tommasetti*, 533 F.3d at 1041 ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.") (quoting *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). The ALJ explained he has given less weight to Dr. Chernobelsky's opinion because "[he] appeared to accept at face value the claimant's reported symptoms; objective findings and the record was a whole do not however support the degree of limitations opined." (AR at 18.) This constitutes a specific and legitimate reason for rejecting Dr. Chernobelsky's opinion.

The ALJ also discredited Dr. Chernobelsky's opinion because it was inconsistent with Plaintiff's daily activities. Dr. Chernobelsky opined "the claimant's functional limitations were generally in the marked or even extreme level." (AR at 21.) However, the ALJ found that "[u]ltimately, the record reflects that when the claimant has been clean and sober, as she appears to have been throughout the majority of the adjudication period in this case (see below), she has functioned well." (*Id.*) The ALJ explained Plaintiff was "able to function socially, having attended AA meetings and church functions[,]" to live alone, "to get about on public transportation[,]" maintain family relationships, "to obtain assistance she needs or wants by choosing and applying to the organization or entity who can fill the need she has." (*Id.*) The Court finds the ALJ articulated sufficiently specific and legitimate reason to discount Dr. Chernobelsky's opinion. *See Stewart v. Colvin*, 674 F. App'x 634, 635–36 (9th Cir. 2017) ("substantial evidence supported the

ALJ's decision to give little weight to [treating physician's] opinion regarding [claimant's] functional limitations[,]" because "it was inconsistent with [claimant's] own testimony regarding his daily activities"); *Hensley v. Colvin*, 600 F. App'x 526, 527 (9th Cir. 2015) (permitting rejection of a medical opinion that is inconsistent with claimant's reported daily activities).

Moreover, the ALJ noted the record did not support Dr. Chernobelsky's opinion that "the claimant had four or more repeated episodes of decompensation, each of extended duration." (AR at 12.) The ALJ explained as follows:

> Since the Title 16 application date, the claimant has had one four-day hospital admission (July 2014) and one emergency room visit (April 2015) for psychological reasons, in the context of the entire record these are isolated and do not reflect the claimant's normal level of functioning longitudinally over any 12-month period. In fact, at least the April 2015 emergency room visit did not reflect substantial mental status deficits.[2]

(AR at 12.) Therefore, the ALJ found, "Certainly, the record provides no discernible basis for Dr. Chernobelsky's claim that there have been four episodes of decompensation of extended duration." (*Id.*) This constitutes a sufficient and legitimate reason to discount Dr. Chernobelsky's opinion. *See Bray*, 554 F.3d at 1228 (stating that an ALJ is not required to accept any medical opinion that is "brief, conclusory, and inadequately supported by" the record) (internal quotation marks omitted). Accordingly, the ALJ did not err in assigning little weight to Dr. Chernobelsky's opinions.

**D. Social Workers' Opinions**

Plaintiff argues the ALJ failed to provide germane reason for discrediting the opinions of three social workers, Matthew Stephens, Jackie Kamrin, and Mandy

---

[2] The ALJ noted, "The only portion of the medical record related to the July 2014 visit is a brief discharge note (BI SF /66-68), which does not provide details as to the nature of the admission; it is noted that the claimant was 'assessed, stabilized on meds, and referred to t/u.'" (AR at 12.)

Stephens. Social workers are not considered "acceptable medical sources" under the regulations. *Kelly v. Astrue*, 471 F. App'x 674, 676 (9th Cir. 2012) (citing 20 C.F.R. § 404.1513(a)). Rather, social workers are considered "other sources" of evidence, and their opinions are not entitled to the same weight as those of "acceptable medical sources." *Id.* As such, their opinions are reviewed under the same standard used to evaluate lay witness testimony. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). To discount the opinion of a social worker, the ALJ need only provide "reasons germane to each witness for doing so.'" *Kelly*, 471 F. App'x at 676 (quoting *Turner*, 613 F.3d at 1223–24).

Plaintiff contends the ALJ rejected Mr. Stephens's testimony at the hearing without sufficient reasoning. At the hearing, Mr. Stephens testified regarding the diagnosis of Plaintiff's mental conditions and her symptoms. The ALJ rejected Mr. Stephens's testimony pertaining to the "identification of the claimant's mental impairments," because he determined that Mr. Stephens "is not an 'acceptable medical source' as defined in SSR 06-03p, whose opinions may establish the diagnosis of impairments." (AR at 17.) Indeed, opinions from "other sources," such as a social worker, cannot establish the existence of a medically determinable impairment. *Hopkins v. Colvin*, No. ED CV 14-0657-DFM, 2015 WL 4607876, at *6 (C.D. Cal. July 31, 2015) (citing SSR 06–03p). The ALJ, however, recognized that Mr. Stephen's opinions constitute "other sources" and considered his testimony as to Plaintiff's "symptoms, … in assessing [her] residual functional capacity." (*Id.*) Therefore, contrary to Plaintiff's argument, the ALJ considered Mr. Stephens's testimony regarding Plaintiff's symptoms and provided germane reasons for rejecting his testimony pertaining to Plaintiff's medical diagnosis.

Next, the Court also finds that the ALJ did not err in according little weight to Ms. Karmin's opinion. The ALJ rejected Ms. Karmin's opinion in this case, in part, because it consisted of reiteration of Plaintiff's subjective complaints, which the ALJ

found were not entirely credible. *See Bolar v. Astrue*, No. ED CV 10-1748 PJW, 2011 WL 5036826, at *1 (C.D. Cal. Oct. 24, 2011) (finding the ALJ provided germane reasons for rejecting social worker's opinion "because it consisted of a reiteration of Plaintiff's subjective complaints"). The ALJ explained Ms. Karmin's third party function report "is worded in general, unquantified terms, and appears to be a repetition of the claimant's subjective statements[,]" and "no objective basis for these claimed levels of impairment are provided[.]" (AR at 16.) Moreover, the ALJ declined to give substantial weight to Ms. Karmin's report because it included statements that "amount[] to a medical or psychiatric opinion from one who is not an acceptable medical source …, and impinges on an issue reserved for decision by the Social Security Administration[.]" (*Id.* at 17.) Accordingly, the ALJ provided germane reasons for discrediting Ms. Karmin's opinion.

Lastly, the ALJ also provided germane reasons for according less weight to Ms. Stephens's opinion. The ALJ found Ms. Stephens's third party function report contained "recitation of the claimant's reported symptoms." (AR at 18.) The ALJ also noted Ms. Stephens's observation of Plaintiff's symptoms "do not, in the context of the … record herein, suggest, much less establish, greater functional restrictions than found herein." (*Id.*) Moreover, in discounting Ms. Stephens's opinion, the ALJ noted the statements in her report "are not vocationally meaningful or helpful in determining claimant's residual functional capacity." (*Id.* at 17.) These reasons are germane to the witness and are supported by the record. Accordingly, the ALJ did not err in according little weight to the social workers' opinions.

### III.

### CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment is denied, and Defendant's cross-motion for summary judgment is granted. The Clerk shall enter judgment accordingly, and close this case.

**IT IS SO ORDERED.**

Dated: August 4, 2017

Hon. Dana M. Sabraw
United States District Judge